WILLIAM I. WALTER and Others, as Trustees under the Last Will and Testament of ADOLPH BERNHEIMER, Deceased, Plaintiffs, *v.* LEOPOLD A. BERNHEIMER and Others, Defendants.

In the Matter of the Application of ERNST BERNHEIMER and Another, Appellants, for the Appointment of WILLIAM L. CARNS as Guardian ad Litem for Their Respective Children; FRANK OLIVER, Guardian ad Litem, for KARL BERNHEIMER, Respondent.

First Department, March 1, 1929.

*Henry F. Miller*, for the appellants.

*Marcus Rosenthal*, for the respondent.

PER CURIAM. In this action for a judicial accounting by testamentary trustees a petition was filed on November 14, 1928, seeking the appointment of William L. Carns as guardian *ad litem* for six infant defendants, four of whom were over fourteen years of age and two under fourteen. The Special Term made an order which recited " that said William L. Carns is a competent and responsible person to act as guardian *ad litem* herein for the defendants, Karl Bernheimer and Inge Rheinstrom, infants under the age of fourteen years; and Richard Bernheimer, Franz Bernheimer, Kurt Bernheimer * * * and Lore Amalia Bernheimer, infants over the age of fourteen years, and has no interest adverse to said infants, and is not connected in business with the counsel or attorneys for the plaintiffs or for any other party to this action, except that he has heretofore * * * been appointed guardian *ad litem* for the defendants, Nell Halle and Anne Halle, infants under the age of fourteen years, * * * whose rights and interests in this action * * * are similar to the rights of the aforesaid Karl Bernheimer and other infants named above." The order then appointed Carns as guardian *ad litem* for all of the infants over fourteen years of age, but refused to appoint him for the two infants under fourteen. The petitioners, fathers of the infants under fourteen, appeal from so much of this order as refuses to appoint Carns as guardian. They also appeal from orders denying their motions to modify the orders as entered.

The petition for Carns' appointment was verified by the fathers of the respective infants involved. It appears without contradiction that one father had no interest whatever in the accounting and that the other father had an interest identical with and not adverse to the contingent interest of his child. There is no claim that Carns' nomination was in any way suggested by any of the accounting parties or on their behalf. On the contrary, it affirmatively appears that his appointment was sought because he was the personal counsel in New York for a near relative of the petitioners, who resided abroad. His personal qualifications are unchallenged. He is a lawyer in good standing, without interest adverse to the infants, and, as has been said, is already guardian *ad litem* for a number of infants both over and under the age of fourteen. In refusing to

appoint him as guardian *ad litem* for these infants the Special Term apparently followed a memorandum opinion of the Special Term in *Bank of New York & Trust Co.* v. *Kernochan* (N. Y. L. J. Dec. 8, 1927), which stated: " The responsibility for the appointment of a guardian for an infant under the age of fourteen years rests entirely upon the court, and it has been the uniform practice and procedure of the justices of this court not to appoint a person recommended as guardian for such infant." We cannot recognize the validity of such uniform practice if it exists. It is, of course, true that the court at Special Term has resting upon it the responsibility for the appointment of a guardian for an infant of tender years. In the discharge of that responsibility it is the duty of the Special Term to exercise the most careful scrutiny of the application. It must determine whether the person nominated has appropriate character, standing, and ability, whether he has any interest adverse to that of the infant, whether the persons nominating him have any interest adverse to that of the infant, and whether the nomination has been suggested or influenced in any way by any of the accounting parties or any one acting in behalf of the accounting parties. It does not follow, however, that in the discharge of its responsibility the court should *ipso facto* ignore the wishes of the natural guardians of the infants who are shown to have no adverse interest. It is a natural desire of a parent to safeguard the rights of his child by the activity and intervention of a guardian of his own choice. That natural desire should not be overruled or disregarded where the careful scrutiny we have described discloses no reason whatever for ignoring the wishes of those directly involved by ties of natural affection. We emphasize, however, that in every such case the burden rests upon the petitioner who seeks to nominate a guardian *ad litem* to show to the court's satisfaction the existence of the facts which we have stated as the basis for the granting of such an application.

It appears on the present application that Mr. Carns is not personally known to the parents of the infants, but was nominated upon the suggestion and recommendation of Charles L. Bernheimer, one of the defendants. It does not appear whether Charles L. Bernheimer's interest in the estate is adverse to that of the infants. We have concluded, therefore, to remit this matter to the Special Term for further hearing and investigation and redetermination in accordance with this opinion.

We approve the conduct of the guardian *ad litem* named in the order in presenting the matter to this court, and the reversal of the order is based upon no criticism of his conduct. So far as appears, he is in every way qualified and a proper person to represent and protect the interests of the infants.

We have endeavored in this opinion to lay down the principles which in our view should in the future govern applications of this character. Our decision involves no criticism of the learned justice at Special Term who, in refusing to appoint Mr. Carns, followed a practice recognized as correct by many of the justices in the absence of any statement of a rule from this court or the Court of Appeals.

The order appointing the guardians *ad litem,* so far as appealed from, and the order denying the modification thereof, should be reversed, without costs, and the motion remitted to the Special Term for further proceedings in accordance with this opinion.

Present — DOWLING, P. J., MERRELL, FINCH, McAvoY and PROSKAUER, JJ.

Orders so far as appealed from reversed, without costs, and the motion remitted to the court at Special Term for further proceedings in accordance with opinion.