James B. M. McNally, J.
Motions 86, 87 and 88 of April 11, 1956 are consolidated and disposed of as follows. Bach of the motions is one to vacate the appointment of a guardian ad litem in a proceeding for the judicial settlement of the trustee’s account in respect of an inter vivos trust. In each proceeding, on motion of the petitioner a person was designated at Special Term, Part II, to receive service on behalf of the infant; thereafter, no application having been made on behalf of the infant for the appointment of a guardian ad litem, on motion of the petitioner, the person designated to receive service was appointed guardian ad litem for the infant. The sole ground advanced for vacatur of the order appointing the guardian *61 ad litem is this court’s lack of jurisdiction to appoint a guardian ad litem because the infant is represented by a general guardian. Movant cites in support of her contention section 1313 of the Civil Practice Act, which provides: ‘ ‘ On the return of the order to show cause made pursuant to this article, the court shall appoint a guardian ad litem for any minor or other person under disability who is a party to the proceeding and is not represented by a duly acting guardian or committee.”
Section 1313 serves merely to codify the general jurisdiction of this court in respect of infants. Neither section 1313 nor the report relating to it of the Judicial Council (Ninth Annual Report of N. Y. Judicial Council, 1943, pp. 307-314) manifests the intention to circumscribe the general jurisdiction of the Supreme Court in regard to infants.
The general jurisdiction of the Supreme Court in law and equity carries with it the jurisdiction over infants formerly residing within the Court of Chancery. (N. Y. Const, art. VI, § 1; Civ. Prac. Act, § 64; Wilcox v. Wilcox, 14 N. Y. 575.) In the absence of “ express or clear provision of law ” abridging it, the general jurisdiction of the Supreme Court over infants continues. (Wilcox v. Wilcox, supra, p. 579.) Insofar as section 1313 of the Civil Practice Act provides the court “ shall appoint ” in the case of a minor not represented by a duly acting guardian or committee, it confirms the court’s jurisdiction in such case. The absence of any provision limiting the power of the court in the case of a minor represented by an acting guardian serves to preserve the court’s general jurisdiction in such case.
The fact that the movant is the general guardian of the infant does not serve to relieve this court of its duty to ascertain that the infant is properly represented. That the movant is the general guardian does not exclude the existence of an adverse interest on the part of the movant in regard to the subject matter of this proceeding. If it was the desire of the movant to be designated guardian ad litem, it was incumbent on her to make a timely application therefor and to assume the burden of establishing the facts qualifying her to act in that capacity. (Walter v. Bernheimer, 225 App. Div. 343, 345.) Accordingly, the motions are denied.